TRINA A. HIGGINS, United States Attorney (#7349)
CAMERON WARNER, Assistant United States Attorney (#14364)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Tel: 801-524-3236

SEALED

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TERENCE LYNN LAWLER,<br><br>Defendant. | Case No. 2:22mj384 CMR<br><br>FELONY COMPLAINT<br><br>Count 1: 21 U.S.C. § 841(a)(1), Distribution of Cocaine Base (>28 grams)<br><br>Count 2: 21 U.S.C. § 841(a)(1), Possession of Cocaine Base with Intent to Distribute (>28 grams) |

Before the Honorable Cecilia M. Romero, United States Magistrate Court Judge for the District of Utah, appears the undersigned, who on oath deposes and says:

**COUNT 1**
21 U.S.C. § 841(a)(1)
(Distribution of Cocaine Base)

On or about May 4, 2022, in the District of Utah,

TERENCE LYNN LAWLER,

Defendant herein, did knowingly and intentionally distribute twenty-eight (28) grams or more of a mixture or substance containing a detectable amount of Cocaine Base ("Crack

Cocaine"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**COUNT 2**
21 U.S.C. § 841(a)(1)
(Possession of Cocaine Base with intent to Distribute)

On or about May 24, 2022, in the District of Utah,

TERENCE LYNN LAWLER,

Defendant herein, did knowingly and intentionally possess with intent to distribute twenty -eight (28) grams or more of a mixture or substance containing a detectable amount of Cocaine Base ("Crack Cocaine"), a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

This complaint is made on the basis of an investigation consisting of the following:

1. I am a Detective with the Murray City Police Department (MCPD) and currently assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration (DEA) and have been so employed by MCPD since 1996. I am "a law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am authorized by law to conduct investigations and to make arrests. I am authorized and assigned to investigate violations of federal laws, including 21 U.S.C. §§ 841(a)(1), 846, 848, and 843(b) of the Drug Abuse

Prevention and Control Act of 1970; that is, possession with intent to distribute and the distribution of controlled substances, conspiracy to commit such offenses, the operation of a continuing criminal enterprise, and the use of a communication facility to facilitate a felony violation of the Drug Abuse Prevention and Control Act of 1970. During my tenure as a Detective and TFO, I have investigated and/or participated in investigations of conspiracy, the use, distribution and trafficking of narcotics, smuggling and the illegal possession and sale of firearms. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered including through the use of computers, smart phones, digital media and the Internet from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested and/or interviewed, and from my participation in other investigations. I am currently detailed to the DEA, Salt Lake City District Office Group 1 Interdiction team.

2. On March 15, 2022, DEA Salt Lake District Office Group 1, began an investigation into Terence Lynn Lawler, aka Teddy. Murray City Police Department (MCPD) confidential source (CS) 22-01 provided information to Agents that Lawler was actively possessing and distributing Cocaine Base in the Salt Lake Valley area. The CS was asked to facilitate a purchase from Lawler using a DEA undercover agent (the UC).

3. On April 14, 2022, the UC and the CS contacted Lawler and arranged to purchase 42 grams of Cocaine Base for the agreed price of $2,000 from Lawler. Lawler agreed to meet the CS and UC at the Valley Fair Mall, West Valley City, Utah, in the North parking lot at 2:30 p.m. Agents responded to the area of the mall for pre-surveillance. At 2:41 p.m., TFO Brummer and SA Jones followed the UC vehicle to the mall parking lot. Lawler did not arrive in the area by 3 p.m., and the CS and UC contacted him by cellphone. Lawler told the CS and the UC he was tied up and would try to get there quickly. At 4:25 p.m., GS Henderson observed a black Chevrolet Tahoe, bearing Utah license plate U234HK, arrive in the parking lot near the UC vehicle and park. A black male matching Lawler's description was observed exiting the Tahoe and walk over to the UC vehicle and enter the rear passenger seat. The CS gave a positive identification of the black male as "Teddy". Agents monitored the exchange by electronic monitoring device used by the UC. The UC and Lawler made the exchange. The UC provided Lawler the $2,000 and Lawler gave the UC a plastic baggie containing a white rock substance. The substance was later field tested and produced a positive response for Cocaine Base with a weight of 70.8 grams. The Cocaine Base was booked into the SLCDO evidence and marked as Exhibit 3. After the exchange, Lawler was observed by SA Holmer exiting the UC vehicle and re-entering the Tahoe and leave the mall parking lot. Agents followed the Tahoe and conducted mobile surveillance. The Tahoe was lost in traffic and not re-acquired by agents and surveillance was terminated.

4. On May 4, 2022, the UC contacted Lawler by cell phone and requested to make a second Cocaine Base purchase from him. Lawler agreed to sell the UC 40 grams of Cocaine Base for $2,000. The UC agreed to the price and arranged to meet at the same location as the first buy, Valley Fair Mall, at 11:00 a.m. in the North parking lot. Agents arrived in the area for pre-surveillance. At 10:50 a.m., Lawler contacted the UC by cell phone and confirmed he was coming to location with the Cocaine Base and confirmed the weight of 40 grams for $2,000. At 11:38 p.m., SA Jones observed the black Tahoe driven by Lawler pull into the North parking lot of the mall. The Tahoe circled the parking lot and eventually parked next to the UC vehicle. GS Henderson observed Lawler exit the Tahoe and walk over to the UC vehicle and enter the front passenger seat. Agents monitored the exchange by electronic monitoring device used by the UC. Agents monitored Lawler talking to the UC about pricing for possible future narcotics buys and quoting a price of $1,400 per ounce of Cocaine Base for larger purchases. Lawler was given the $2,000 by the UC, and Lawler gave the UC a plastic baggie containing a white substance. The substance was later field tested a produced a positive result of Cocaine Base with a weight of 69.8 grams. The Cocaine Base was booked into evidence at the SLCDO and marked as Exhibit 4. After the exchange Lawler was observed by TFO Stocking exiting the UC vehicle and re-enter the Tahoe. Agents conducted mobile surveillance on Lawler after leaving the mall and observed him arrive at a residence

located at 1894 East Wellington Circle, Salt Lake City. Agents terminated surveillance at this time.

5. On May 24, 2022, agents with the DEA SLCDO conducted a buy/bust operation with the intent to arrest Lawler for narcotics distribution. On May 23, 2022, the UC contacted Lawler by cell phone and requested to purchase 4 ounces of Cocaine Base. Lawler agreed and said he could meet the UC at the Valley Fair Mall on May 24, 2022, at 3:00 p.m. On May 24, at 2:00 p.m., agents conducted pre-surveillance at the Valley Fair Mall and 1894 East Wellington Circle, attempting to see Lawler leave the residence to go to Valley Fair Mall. Arriving in the area of Wellington Circle, TFO Angell did not observe the black Tahoe at the residence, or in area. At 2:45 p.m., the UC texted Lawler that he was driving to Valley Fair Mall. Lawler responded by saying that he was 35 to 45 minutes away from arriving at the mall. At 2:55 p.m., the UC arrived at Valley Fair Mall and parked the UC vehicle near the North parking lot and exited the UC vehicle leaving it near the JC Penny's store. Agents would attempt to take Lawler in custody as he approached the vacant UC vehicle. At 3:41 p.m., Lawler had not arrived, and the UC contacted him by cell phone with no answer. At 3:47 p.m. Lawler called the UC by cell phone and apologized and said he was running behind and would be at the mall in 30 minutes. The UC asked Lawler what vehicle he would be arriving in, and Lawler would not give his vehicle information and said he would come to the UC vehicle. Surveillance

at 1894 East Wellington Circle was terminated at this time after the Tahoe was not observed at the residence.

6. At 5:10 p.m., TFO Holt observed a black male, wearing blue jeans and a white t-shirt, walking near the UC vehicle. The male was observed walking South in the parking lot standing near a gold Chevrolet Malibu. TFO Brummer confirmed the male was Lawler. SA Jones and TFO Brummer approached the Malibu in SA Jones's vehicle and pulled in behind the Malibu. SA Jones and TFO Brummer exited their vehicle and TFO Brummer identified himself verbally as a police officer. Both SA Jones and TFO Brummer where wearing exterior vests marked "POLICE" and badges. Lawler immediately turned and fled on foot South through the parking lot towards the West entry/exit of Valley Fair Mall. TFO Tittensor and West Valley City Police Officer (WVCPD) Tratos observed Lawler running from TFO Brummer and pulled their vehicles near the doors and ordered Lawler to ground at gunpoint. Lawler complied and laid on the ground and was taken into custody without incident.

7. TFO Brummer and SA Jones took Lawler over to their vehicle and began a search incident to arrest. TFO Brummer searched Lawler and while checking his upper pants legs felt a hard rock like substance in the crotch of Lawler's pants. TFO Brummer retrieved the package from Lawler's pants. The package was observed as a clear plastic baggie containing a white rock substance. The substance was later field tested and produced a positive result for Cocaine Base, with a weight of 143.4

grams. The Cocaine Base was booked in at the SLCDO and marked as Exhibit 5 and placed into evidence for safekeeping. Lawler was transported back to the SLCDO for an interview and processing. At 5:43 p.m., SA Jones and TFO Brummer gave Lawler his Miranda warning. Lawler said he understood and invoked his right to remain silent and refused questioning. Lawler was then processed into the DEA arrest system and transported to the Salt Lake County Adult Detention Center and booked on a United States Marshall's hold pending District of Utah Court appearance.

8. The elements for a violation of 21 U.S.C. § 841, distribution of cocaine base, are (1) the defendant knowingly or intentionally distributed a controlled substance; (2) the substance was in fact Cocaine Base ("Crack"); and (3) the amount of the controlled substance distributed by the defendant was at least twenty-eight (28) grams.

9. The elements for a violation of 21 U.S.C. § 841, possession of cocaine base with intent to distribute, are (1) that the defendant knowingly possessed a controlled substance; (2) that the controlled substance was cocaine base ("Crack"), a schedule II controlled substance; (3) the defendant possessed this controlled substance with intent to distribute it, and (4) the amount of the controlled substance distributed by the defendant was at least twenty-eight (28) grams.

Based on the foregoing information, I respectfully request that a warrant of arrest be issued for Terence Lynn Lawler for violations of 21 U.S.C. § 841(a)(1).

*/s/ Scott Brummer*
Affiant, Scott Brummer
Detective, Murray City Police Department
Task Force Officer, DEA

SUBSCRIBED AND SWORN to before me this 26th day of May, 2022

Cecilia M. Romero
Cecilia M. Romero
United States Magistrate Court Judge

APPROVED:

Trina A. Higgins
United States Attorney

/s/ *Cameron P. Warner*
Cameron P. Warner
Assistant United States Attorney